Dear Mr. Jagneaux:
You ask this office to advise if the law permits you to hold the position of St. Landry Parish Clerk of Court while serving as a member of the St. Landry Parish Tourist Commission.
Your question requires an examination of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, etseq. As defined by La.R.S. 42:62(1)[1]of the dual officeholding laws, a clerk of court holds "elective office" pursuant to constitutional mandate. See
La.Const. Art. V, § 28.[2] Membership on the Tourist Commission is an "appointive office" under La.R.S. 42:62(2)[3] in a "political subdivision" under La.R.S. 42:62(9)[4] and La.R.S. 33:4574(B)(26).[5] *Page 2 
Of concern here are the provisions of La.R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment Law, providing:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition, no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
La.R.S. 42:63(D) prohibits an elected official from holding any appointive office on a "full-time" basis as defined by La.R.S. 42:62(4).[6] This portion of La.R.S. 42:63(D) does not apply here, as a member of the Tourist Commission holds his office on a "part time" basis under La.R.S. 42:62(5).[7]
Further, La.R.S. 42:63(D) prohibits a clerk of court from holding "any office. . . under a parish governing authority. . . " This portion is also inapplicable here, because the Tourist Commission is not a "parish governing authority", although it is a political subdivision of the state.
Dual officeholding provisions are to be strictly construed.[8]
The facts here do not prohibit you as an elected clerk of court from holding a part-time appointive *Page 3 
office. It is the opinion of this office that you, as St. Landry Clerk of Court, may also serve as a member of the St. Landry Parish Tourist Commission.
This opinion is limited to an examination of the dual officeholding statutes. Any questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62(1) defines "elective office" as "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof."
[2] La.Const. Art. V, § 28(A) provides "in each parish a clerk of court of the district court shall be elected for a term of four years. . . ."
[3] La.R.S. 42:62(2) defines "appointive office" as "any office in any branch of government or other position on an agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[4] La.R.S. 42:62(9) defines "political subdivision" as a "parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions."
[5] La.R.S. 33:4574(B)(26) provides:
B. Pursuant to Article VI, Sections 19 and 30 of the Constitution of Louisiana, the following commissions and bureaus, hereafter collectively referred to in this Chapter as "tourist commissions" or "commissions", are hereby specifically created as special districts or commissions. Each such commission shall be a body politic and corporate and a political subdivision of the state of Louisiana, composed of the following territory:
 ***
(26) St. Landry Parish Tourist Commission composed of all the territory in St. Landry Parish.
[6] La.R.S. 42:62(4) provides:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
[7] La.R.S. 42:62(5) provides:
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
[8] In accord are La. Atty. Gen. Ops. 05-0195, 92-57, and 82-112.